Good morning, Your Honors. Good morning. May it please the Court, my name is Dave Porter. I represent the appellants, Keith Go, KMT Inc., KMT Engineering Inc., and KPMG Policy. With the Court's permission, I would like to reserve a few minutes for rebuttal. This case is about requiring the Internal Revenue Service to follow the law, namely Internal Revenue Code Section 70609, which provides that the IRS must provide notice to a person or entity who has no tax liability if the IRS summonses their private records. It's kind of ironic that we're hearing this case on tax day. I agree. I agree with everyone. It's in everyone's minds today. If a person is entitled to notice, then they're entitled to the opportunity to go to court, to file a motion with the district court to protect their private records from being turned over to the government. In our case, the appellants believe the IRS did not follow the law. The IRS issued a summons to East West Bank, here in California, to purchase their financial records of a group of individuals and entities. The appellants were included in this group. Again, the appellants have no outstanding tax liability. IRS Revenue Officer Nicholas Brunetti says one of the things he was doing was to try to collect on the tax liability of a person, Hong Go, who's the brother of one of the appellants, Keith Go. Hong Go was a previous part owner, or previously connected to the appellant entities, in years prior to the issuance of the summons. Why isn't that good enough to escalate the relevance of the non-events? Because, Your Honor, the appellants have no tax liabilities. The exception has to do with his election. In which case, you would need an assessment. So, these documents are totally irrelevant then to actually collecting on an assessment, because there's no assessment. As far as Hong Go goes, he doesn't get notice. You're right, they're relevant to him. They're not relevant, though, to the appellants. Stabbing back, the real issue is, the standard in the empty case, signed by the Ninth Circuit, is whether the people going to court, trying to argue they should have received notice, have a relationship or a connection. Well, the District Court said, you're right, Amy, so that's the issue. The standard is a recognizable legal interest, not just this fuzzy, hazy standard of history or ownership, or some connection, or family, obviously family. The real argument, I thought, before the District Court was that Go and the related entities were either the tax payers, or fiduciaries, or transferees of Wong Hong, and how currently it has no legal interest in our district. That was your argument before the District Court, right? You're right. Are you making a different argument here? No, Your Honor. It only has to do with Clause 1, and then Clause 2 has to do with James' reliability, not just whether there is any experience for going into clause 1. The whole reason the test is whether someone has a recognizable legal interest, in terms of this collection exception, is because if Hong doesn't own or have an ownership interest in the account, the IRS can't collect on that account. That's what everybody, that's what the IRS is looking at. Well, it depends on how it was transferred. If there were a fraudulent transfer, for instance, couldn't the IRS look beyond that transfer and still reach the assets? Only if the IRS first issues a notice of deficiency and obtains transferring liability through an assessment, not just during a transfer. Right, but in terms of assessing what assets may be amenable to assessment, is the IRS entitled to look at relevant documents and relevant accounts? The IRS is entitled to go some and look at accounts, but generally has an examination function in which case. But does it have to be an examination? It can be. It can be a collection. Right. But then if it is not to collect a specific, collect on an assessment with a taxpayer or transfer a liability, then the IRS has to send notice. So, bottom line, is it that your clients want notice so they can challenge the sum? What is the underlying goal of what your client wants? My clients believe their rights were violated because they were not provided notice of the summons. The bank sent them a letter saying, the IRS has issued a summons for your private records. And without the but, we believe we are entitled to the notice. And the statute says if we're entitled, then we do have a right to go into court to quash the summons. Okay. Yes. Counsel, don't you have to show bad purpose or bad faith on the part of the IRS with regard to this issue? I believe that the IRS has to show good faith. And under the Powell v. United States, there are four factors. It's the institutional good faith. It's not the subjective good faith of the revenue officer. And then the fourth factor, which is very important, is whether the IRS followed all required administrative procedures. That's the big one. Because its Internal Revenue Manual even tells the revenue officer that for Clause 2, you must send notice to someone who is not a taxpayer with the assessment. You need to transfer liability not to send notice. Otherwise, the Internal Revenue Manual says you have to send notice  So if the IRS isn't doing that, or the revenue officer is not doing that, they have violated certainly the fourth element, and the IRS would need to prove all four for institutional good faith. You don't have any issue with the first three elements? I do, but that's the biggest one, is the summons. Issue for legitimate purpose, number one. Secondly, that there's relevance to the purpose. And thirdly, that the records were not already in the IRS's possession. You're right. But as to the first element, we do have a brief without one. You're suggesting that there was an issue for a legitimate purpose. May have been an issue for one legitimate purpose, but not another, which implicates the notice requirement. The other is looking at whether the IRS can assert or wants to assert a future assessment against other people. Counsel, you're down to one minute and 24 seconds. Thank you. You have to hear from the government. Yes, thank you. Thank you. Thank you. This is the Court of Appropriation for the United States. The United States is entitled to an order enforcing within the IRS administrative zones that meets these appropriate requirements. If the requirements are not provided, it is for my opponent to see that they come ahead and at least one legitimate purpose for issuing the summons. There's quite a bit of nerdy argument today about whether the material that the IRS was seeking might have been relevant to the IRS's investigation. Of course, there's no issue that a brother of Pauline Blue has an income tax on the value of the jewels, all in excess of $600,000. Of course, it's not enough to buy them. Thank you for making it too early, Your Honor. You're welcome. It's not enough to buy them. In terms of income, it's very complicated. But, again, it's making sure that each taxpayer reports the right income and pays the taxes. It's a very big job. Your Honor, one of the comprehensive jobs was trying to collect that $600,000 tax levy, and it solved that Mr. Go had, in 2012, had control or agency or management over these various entities. And between the end of the tax year and someone's pension, which was spent a couple years later, the assets sort of migrated over to someone else's name. The relevant time period is the time that the tax liability was incurred, isn't it? During the relationship. There's not a flaw in that. It's certainly possible that if there did a great deal of time collapse between when the taxpayer had control of these things and the IRS was trying to obtain information from their accounts, a great deal of time was that. The taxpayer here is very quick. The tax liability was in 2012. In 2013 and 14, the assets are migrating over to someone else's name or control. Someone else was issued in December of 2014. From my experience with the tax collection, that is not the final decision. In fact, just a week before the sentence was issued, you must recall one of the entities spoke to us, human resources person, and asked whether Hong was an employee there. And she said she played off last month, November 2014, and the sentence was issued in December 2014. That's last. Counsel, as opposed to the entities, what's the evidence of transfers to Mr. Koh individually? Mr. Keith Koh. Mr. Keith Koh. He conceded. Mr. Keith Koh's story is that he had sold one of his businesses to Hong, and there was a default on the entity. He conceded that Hong had paid into Keith's account. He gives an explanation for it. Of course, the IRS doesn't have a contrary explanation. This is still an investigative matter. So the government has to show that there was a relationship during the tax period of 12, in this case, a relationship between the petitioners here. I think I'm going to go next to you, because that's a relevant place for a person to keep looking. Really the only law on this point are the court's previous opinions in the Admin-Future. It's already determined that the statute is not all that helpful in paying things in. I'd say the standard is what the court has decided between the Admin-Future, and it's a little fuzzy initially, because the IRS is still conducting its investigation. It can't be expected to have their own case laid out. This is going to be a case where the IRS is trying to determine someone's responsibility, and then when the tax period is collected, it is reasonable to concede. What's your response to opposing counsel's argument that an assessment has to be made before the summons is issued? It's confusing. One of the classic tools in the Interim Code is known as transferee assessments. It is an assessment that the IRS can make under unusual circumstances against a person who is not the original tax payer. In my more than 20 years in the tax division, I've done a lot of transferee assessment case. It's confusing the concept of transferee assessments under Section 60-69-01 with the word transferee in the summons, and it's not in the Interim Code. The assessment that was made here was, I think, Mr. Hong's self-assessment. He reported the transferee assessment. The IRS does not need to make a transferee assessment in order to conduct this kind of investigation, which might lead to making a transferee assessment, but the standard for helping to do much of the case, the IRS wants to help to continue its investigations for things more than a million dollars. So do you have to show that taxable year that the tax payer actually owned or possessed the properties? I think it's – I always wanted to say no. I think it's something that's – I can't comment on the fact that it's in this case. Why is the credit card added here? Who then makes this property? It goes to the – Who decides this property? Mr. – There's not one fact. Mr. Hong was the owner of some of these entities, was an officer of them, was a manager. So it's sort of the prior relationship is that. To me, the critical fact is that the tax payer and this other guy were the owners. And the fact pattern suggests, and we've got a little case slide out here, but the fact pattern suggests two brothers who worked together to figure out how to separate the assets and the business from the liability, even the liability on its own. That, to me, is the singular fact in this case, but that it is not determined what that should be for rebuttal in future cases. The tax payers are free. The greatest idea of the fourth item, which is the house of duty of the mayor, the fourth power requirement of the IRS was to give the notices required by the code. Here, the IRS determined and assembled sufficient evidence to establish that it did not need to give these petitioners notice. We believe that this court's case is running under the end of future. But just in case, this court and most other courts have also held that summons can still be enforced even if there's been a technical failure as long as the IRS is operating in good faith and no one's been prejudiced. And, of course, here we are. Petitioners learned of the summons from the bank. They came into court in time. They had every opportunity to hear every objection to enforcement of the summons. The court considered it and rejected it. So there's been no prejudice? No. What would be the motive of the IRS to not give notice? There's a possibility in the case, in the future case, that there are options to be found. It's actually sufficiently ambiguous to look in the legislative history. Congress noted, and it's in the write-up of the constitution, that once the tax has already been assessed and the IRS is looking for assets, notifying persons who are allied with the taxpayer, perhaps in search, might prompt them to move the asset somewhere else. So the point is to avoid that kind of problem, that kind of tax abuse. All right. Thank you. And I'm going to rush to this one. Sure. Thank you. Mr. Potter. Thank you, Your Honors. Picking up on the last point, why would people be concerned about moving their assets out of the account because the IRS might levy them because they have an assessment? If someone, if a person at the assessment has no interest in the account, there's no danger that the IRS can levy. So it has to do with an assessment here. That's the key. And so the accounts are not confused between just a transferring and transferring liability because the internal revenue manual that is cited, Section 25.5.6.5.1 specifically references the statute that we're dealing with, Section 7609C2Di. And it says that if the summons is issued to someone who may be a transferee but doesn't have transfer liability, you have to send notice. We're not saying the IRS can't conduct an investigation, collection, examination only. If they do, they have to send notice. So in conclusion, because all the required procedures have not been followed, the IRS summons is not enforceable. And for those reasons, the appellants asked this court to reverse the district court order. And thank you very much. Thank you. Thank you, General Counsel for your hard work. I appreciate it. This is argument is submitted for decision on the court. The next case on count of argument is Doe v. Silver Firewoods Mental Health Facility.
judges: Schroeder, Rawlinson, Drain